PER CURIAM.
Pursuant to the authority vested in this Court by Article V of the Florida Constitution, F.S.A., the following amendments, revisions and additions to Florida Appellate Rules 1962 Revision are hereby adopted:
Rule 1.3 be and the same is hereby amended by striking all of said paragraph entitled “RENDITION” and inserting in lieu thereof a new paragraph reading as follows, viz.:
“ 'Rendition’ of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules of Civil Procedure, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of.”
*342 Rule 3.2c be and the same is hereby amended by striking all of said paragraph and inserting in lieu thereof a new paragraph to be known as 3.2c reading as follows, viz.:
“c. Contents of Notice. The notice of appeal may be in the form approved by the Court. The notice of appeal shall state the title of the court, and the style of the cause from which the appeal is taken and the title of the court to which the appeal is taken; the name and designation of the appealing party, whether plaintiff or defendant; the name and designation of the opposing party, whether plaintiff or defendant; the nature and date of rendition of the order, judgment or decree appealed from; and the date and book and page of the public record in which it is recorded.
“Deficiencies in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal of the appeal unless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies.”
Rule 3.2f be and the same is hereby amended by striking all of said paragraph and inserting in lieu thereof a new paragraph to be known as 3.2f reading as follows, viz.:
“f. Payment of Costs by Original Plaintiff. No appeal may be taken by the original plaintiff in any suit or proceeding until he shall have first paid all costs that have accrued in and about the suit, and have been specifically taxed against him, up to the time the appeal is taken; provided, that nothing contained herein shall require the prepayment of costs by the original plaintiff when he has assigned as error the taxation of costs and has superseded the order, judgment or decree specifically taxing the same; provided further, that in those instances where the costs are not settled until after the notice of appeal is filed, the party obligated shall be required to pay the same within ten (10) days upon written demand, otherwise said appeal shall be dismissed upon motion. Every motion to dismiss an appeal for failure to comply with this rule shall be filed on or before the 20th day after the filing of the notice of appeal or if costs were settled thereafter from the date of such settlement.”
Rule 3.7j be and the same is hereby amended by striking all of said paragraph and inserting in lieu thereof a new paragraph to be known as 3.7j reading as follows, viz.:
“j. Appendix Requirement Permissive. Whenever an appendix to briefs is required by any provision of these rules, such requirement shall be construed as permissive only despite the mandatory language of the rules in regard thereto.”
Rule 3.7k be and the same is hereby amended by striking all of said paragraph and inserting in lieu thereof a new paragraph to be known as 3.71c reading as follows, viz.:
“k. Amicus Curiae. Any attorney who desires to file a brief in a cause pending in the Court, as amicus curiae, may do so if consent therefor in writing signed by the attorneys for all parties of record is first filed in the Court; or if, upon motion filed within 80 days after the filing of the notice of appeal, petition for certiorari or original proceedings, he is permitted to do so by the Court. Such motion shall state briefly the reason for the request and the persons or interests upon whose behalf he seeks to appear, and a copy thereof shall be served on all attorneys in the cause. The motion may be heard and disposed of any Motion Day, provided reasonable notice of such hearing has been served on the attorneys in the cause.”
*343 Rule 3.13b be and the same is hereby .amended by striking all of said paragraph and inserting in lieu thereof a new paragraph to be known as 3.13b reading as follows, viz. :
“b. Voluntary Dismissal of Causes. The moving party in any proceedings, original or appellate, may procure dismissal of such proceedings at any time by filing with the clerk of the Court a notice for dismissal. Where the opposing party or parties have filed responsive pleadings or assignments of error or cross-petition, such notice for dismissal shall be by all such parties.”
Rule 3.13c be and the same is hereby .■amended by striking all of said paragraph .and inserting in lieu thereof a new para.-graph to be known as 3.13c reading as follows, viz.:
“c. Clerk's Duty. When an appellate proceeding has been dismissed, it shall be the duty of the clerk of the Court to certify the fact of dismissal to the lower court.”
Rule 3.15 be and the same is hereby amended by striking all of said paragraph and inserting in lieu thereof a new paragraph to be known as 3.15b reading as follows, viz. :
“b. Extension of Time for Issuance of Mandate. If a petition for rehearing is filed in a cause, the time for the issuance of the mandate or other process shall be extended until the petition is denied, or, if granted, until the cause 'has been fully determined; provided, however, that the court may delay the issuance of its mandate upon terms and ■conditions to be imposed by it after denial of rehearing for good cause if such application be made at the time of filing the petition for rehearing.”
Rule 3.16e be and the same is hereby amended by striking all of said paragraph and inserting in lieu thereof a new paragraph to be known as 3.16e reading as follows, viz.:
“e. Attorney’s Fees. Where attorney’s fees are allowable by law for services in the appellate court the request therefor shall be presented by motion filed with the clerk of the appellate court at or before the time of filing the party’s first brief, and shall be disposed of at the time the case is disposed of on the merits, unless otherwise ordered by the Court. The motion for attorney’s fees shall not be incorporated in the briefs or other bound papers but shall be filed on a separate paper. The trial court shall have full and complete power and authority upon due application to enforce the payment of fees allowed by the appellate court.”
Rule 4.5c(6) be and the same is hereby amended by striking all of said rule and inserting in lieu thereof a new rule to be known as 4.5c(6) reading as follows, viz.:
“(6) From District Court to Supreme Court. Where any decision of a district court of appeal (1) affects a class of constitutional or state officers, or (2) passes upon a question certified by such district court to be of great public interest, or (3) is in direct conflict with a decision of another district court of appeal or of the Supreme Court on the same point of law, petition may be filed with the Supreme Court to issue a writ of certiorari to review such decision.
“The petition for certiorari under this rule shall be filed in the Supreme Court within 60 days from the rendition of the order, decision or judgment of the district court of appeal. The petition shall set forth briefly and clearly the grounds for invoking jurisdiction of the Supreme Court and the facts relied upon for the issuance of the writ. Unless the district court shall otherwise direct for good cause shown after notice and hearing, a petition for cer-tiorari filed in the Supreme Court within 15 days from the date of the filing of the order, decision or judgment sought to be reviewed or within 15 days *344 from the date of the disposition of a petition for rehearing shall automatically stay further proceedings in the district court and the trial court until the disposition of said petition by the Supreme Court; otherwise such petition for cer-tiorari shall operate as a stay of such proceedings only upon the order of the Supreme Court or the Chief Justice after due notice to the adverse party.
“Only so much of the record as shall be necessary to show jurisdiction in the Supreme Court shall be attached to or filed with the petition, and it may be in the form of conformed copies and need not be certified, except when a certificate of great public interest is made by the district court of appeal.
“Copy of petition with certificate of filing the same in the Supreme Court shall be filed in the district court of appeal.
“Copy of petition, and of the supporting portions of the record and brief relating only to jurisdiction of the Court, shall be served on the respondent or his attorney on or before the time petition is filed with the Clerk of the Supreme Court. Respondent shall file a reply brief in opposition, on the sole issue of jurisdiction, and serve copy thereof upon the petitioner within 10 days after he has been served with copy of the petition, supporting portions of the record and brief. Such reply brief may be supported by copies of additional portions of the record below which need not be verified, but which shall be filed and served with the reply brief.
“The Supreme Court shall consider the petition, supporting record or portions thereof and the briefs on jurisdiction, without oral argument unless otherwise directed, and if the Court determines that it has jurisdiction, the said petition shall be granted; otherwise the same shall be denied or dismissed.
“If granted, a copy of the order granting the petition shall be forwarded forthwith by the Clerk to the district court of appeal and 45 days after the receipt of said order or sooner by stipulation of parties (or within such other time as the Court may direct) the original record in the district court shall be forwarded by that court to the Clerk of the Supreme Court. Copies of said order shall be served by the Clerk of the Supreme Court upon counsel of record for the respective parties, and the cause shall be set for oral argument on the merits of the petition. Counsel for the petitioner shall file his brief on the merits and serve a copy thereof upon-the respondent within 25 days from the rendition of the order granting certio-rari. The respondent shall file his brief in opposition and serve a copy thereof upon petitioner within 15 days after he has been served with a copy of the petitioner’s brief, and petitioner shall have 5 days thereafter within which to' file and serve a reply brief.
“When jurisdiction for certiorari is based on a certificate of a district court that the decision passes upon a question of great public interest, no preliminary brief as to jurisdiction need be filed, and upon the filing of the petition and such a certificate of the district court, an order granting certiorari may be entered and thereupon the matter shall proceed as outlined in the preceding, paragraph.
“When the case is finally disposed of by the Supreme Court, the Court may order a certified copy of such record, or of the part thereof which the Court deems necessary, filed in the Supreme Court before the original record is returned to the district court of appeal and shall assess the costs thereof in such order.”
Rule 7.2a be and the same is hereby amended by striking all of said paragraph and inserting in lieu thereof a new para *345 graph to be known as 7.2a reading as follows, viz.:
“a. Appeal, Notice. The notice of appeal shall be substantially in the following form:

'(1) Insert 'interlocutory’, if an interlocutory appeal.
(2) See Rule 1.3 which defines rendition.
(3) Rule 3.2c of Florida Appellate Rules requires that the notice of appeal include the nature of the order, judgment or decree appealed from. (For example, a final judgment against appellant; or, for example, an interlocutory order in equity; or other language descriptive of the nature of the order, judgment or decree appealed from.)”
All other proposed changes in Florida Appellate Rules presented for this Court’s consideration at the oral argument before the Court April 13, 1965 are hereby denied.
These amendments, revisions and additions shall govern all appellate proceedings in the Supreme Court, District Courts of Appeal and Circuit Courts after midnight, March 31, 1966.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS, DREW, O’CONNELL, CALDWELL and ERVIN, JJ., concur.